GARR et al. v. WINN et al.

No. 35328.

Supreme Court of Oklahoma.

July 7, 1954.

P. D. Erwin, Chandler, for plaintiffs in error.

William A. Vassar, Chandler, for defendants in error.

WILLIAMS, Justice.

The parties hereto will be referred to herein as they appeared in the trial court.

Plaintiffs, J. W. Garr and W. W. Woolley, brought this action against the defendants, P. B. Winn and H. P. Windiate, seeking an injunction restraining said defendants from interfering with plaintiffs' possession and operation of a certain oil and gas lease.

Plaintiffs' petition alleges ownership of a certain oil and gas lease; that they entered upon the leased premises and drilled two producing oil wells; that defendants built a fence across the road into the lease and ordered plaintiffs to keep out of the property. The prayer was for a temporary and permanent injunction.

Defendants answered, alleging in substance that they held an agricultural lease on the premises in question for the years 1951, 1952 and 1953, and that plaintiffs, in total disregard of the rights of defendants, moved on the land, drilled for oil and gas thereon and are now producing the same, and that defendants have done no more than to protect their rights. By way of cross-petition, defendants alleged an agreement with plaintiffs to assign the agricultural lease held by defendants for a consideration of $225, which was also to cover damages allegedly sustained by them by the drilling of the wells; pleaded a delivery of the written lease to plaintiffs, and asked for the recovery of the sum of $225, which it was alleged plaintiffs had refused to pay.

Trial was had to the court and judgment first rendered against plaintiffs on their petition for an injunction and in favor of the defendants on their cross-petition in the amount of $225. Plaintiffs, upon judgment going against them as to the money feature, requested the court to render judgment in their favor for the injunction, which the court then did.

Plaintiffs have appealed from the judgment in favor of the defendants in the amount of $225 on the cross-petition, and contend that the statute of frauds prevents a recovery by the defendants on their cross-petition and that the evidence is wholly insufficient to support said judgment.

We are of the opinion that plaintiffs' contentions are well taken.

It was stipulated at the trial that plaintiffs held commercial oil and gas leases from the owners of the fee interest and oil, gas and mineral rights on the property in question, which leases were acquired and recorded prior to the date defendants acquired their agricultural lease.

Defendants' written agricultural lease was executed by C. Vancleave, who was one of several joint owners of the land in question, and was for a term of three years beginning January 1, 1951. It recited the following consideration:

"$25.00 cash on June 1st of 1951 thru 1953 to be deposited at the Union National Bank to the account of C. Vancleave. Also build a three (3) wire fence (using second hand wire) 160 rods on west side and 160 rods on south side of said place. This fence is to be left on said premises when lease expires. All damages (except crop) going to C. Vancleave, done by oil companies."

The lease also contained a prohibition against assignment.

In June of 1951 plaintiffs began operations on the premises in question and

drilled said two oil wells. Thereafter the defendant Winn contacted plaintiffs asserting that he was entitled to damages by virtue of the drilling of the wells. Some discussion was had, but no agreement was reached. The defendant Winn then proposed that plaintiffs buy his agricultural lease as a solution to their controversy. After some discussion, plaintiffs agreed to buy the agricultural lease for $225 provided it was assignable and suggested that the lease be sent to them in order that they might examine it and determine whether it was assignable. At the time of this conversation the lease had about two and one-half years of its term remaining. Nothing was said during this conversation concerning any unpaid rental due on the lease and plaintiffs had not seen the lease at the time. On July 16, 1951, defendants' attorney forwarded the agricultural lease to the plaintiff Garr. Upon examination of the lease, plaintiffs discovered that the lease was non-assignable and thereupon requested from the lessor a written consent to assignment, which was executed on July 20, 1951. Plaintiffs also discovered that only $25 of the $75 total rental provided for in the lease had been paid, leaving $50 still due and owing under the terms of the lease. Plaintiffs then, on August 6, 1951, forwarded a check in the amount of $175, which represented the agreed price of $225 for the lease less the $50 unpaid rental thereon, to defendants' attorney. On August 8, 1951, defendants' attorney mailed the check back to plaintiff Garr, stating that it was not acceptable since it was not in the agreed amount. On August 9, 1951, defendants commenced construction of a fence across the road leading into the leased premises and advised plaintiffs' employees to remove their trucks from the premises because they were fencing in the place. Plaintiffs filed this action on the same day.

At no time did defendants execute or offer to execute a written assignment of the agricultural lease in question.

The agricultural lease in question, being for a term of 3 years, was, under the statute of frauds, 15 O.S.1951 § 136, required to be in writing, and was in writing. An assignment of a lease which is required to be in writing must also be in writing, and so must an executory contract for the sale of such lease be in writing. See Woodworth v. Franklin, 85 Okl. 27, 204 P. 452, 27 A.L.R. 590, and cases therein cited. The agreement here relied upon by defendants was an oral agreement for the assignment of an agricultural lease for a period of more than one year and was therefore within the statute of frauds.

The only argument advanced by defendants is that the agreement in question was an executed contract, completely performed excepting payment being made to them, and is therefore not within the statute of frauds. This argument is apparently based on the untenable theory that the forwarding of the original lease, unassigned, to plaintiffs, was all that was required of defendants to complete the agreement. We have held to the contrary. The lease could not be assigned by mere delivery and the delivery of the lease to plaintiffs did not aid plaintiffs in any way. To hold that the lease could be transferred by mere delivery, as a negotiable instrument, would nullify the statute of frauds, and open the doors to admit the very evil sought to be prevented thereby. Woodworth v. Franklin, supra. Furthermore, defendants asserted ownership of the lease by their actions on the day this action was filed and by specifically pleading such ownership in their answer herein, which is certainly not consistent with their argument that the agreement was completely executed.

The judgment in favor of defendants on their cross-petition is reversed with instructions to render judgment for plaintiff thereon.

HALLEY, C. J., JOHNSON, V. C. J., and DAVISON, ARNOLD, O'NEAL and BLACKBIRD, JJ., concur.